9. There was no error in submitting to the jury the issue of whether or not the evidence showed that the southeast corner of the Morrow league could be identified and located as called for in its field notes. The evidence not only justified the giving of the charge, but the preponderance of the evidence showed the southeast corner of the Morrow league was fixed, identified, and could be found as called for in the field notes of the Morrow league.

10. Error is assigned that the trial court erred in not granting appellants a new trial. The contention is that the verdict is so uncertain that it will not support a judgment. The verdict is as follows:

"(1) We, the jury, find the east line of the Morrow survey located as claimed by the plaintiff.

"(2) We find the Mack Elliott 50-acre tract of land located on the Morrow, as claimed by plaintiff.

"(3) We find the land claimed by defendant Burke located on the Morrow in the Webb division.

"(4) We further find that the land claimed by defendants Davis and Walton was not fenced for sufficient length of time to give the title by limitation.

"(5) We find no damages against defendants as claimed by plaintiff.

"(6) Finally, we give plaintiff, Mills, judgment against defendants Davis and Walton for 44 acres of land, and against defendant Burke for 29 acres of land, as claimed by plaintiff Mills."

It seems clear that the verdict of the jury and the judgment of the court based thereon are so specific and certain that they can be enforced.

11. The record does not show, as contended by appellants in their fourteenth assignment, that appellee recovered against Walton, Davis, and Burke land not sued for, or land not described in the petition.

Finding no reversible error in the judgment, the same is affirmed.

Affirmed.

---

MUSE v. CHAMBERS et al.

(Court of Civil Appeals of Texas. Jan. 25, 1911.)

1. APPEAL AND ERROR (§ 500*)—REVIEW—IN-SUFFICIENT RECORD.

Exceptions to the answer are not reviewable, where the record does not show that the trial judge's attention was called to them, or that he made any ruling thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

2. APPEAL AND ERROR (§ 1033*)—RIGHT TO COMPLAIN—FAVORABLE JUDGMENT.

A party appealing from a substantial judgment in his favor and not objecting to the amount thereof is not entitled to complain of rulings at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

Appeal from Brown County Court; A. M. Brumfield, Judge.

Action by W. E. Muse against G. T. Chambers and others. From the judgment, plaintiff appeals. Affirmed.

Arch Grinnan, for appellant. Harrison & Wayman, for appellees.

KEY, C. J. W. E. Muse brought this suit against G. T. Chambers and J. M. Warnock, and charged that the defendants wrongfully took possession of and occupied and used a tract of land belonging to the plaintiff's wife, and he sought to recover the rental value thereof. The defendants defended on the ground that they had leased the land from the plaintiff's wife, who owned it, that the plaintiff had acquiesced in and was estopped from denying the validity of the lease con-

tract, and pleaded in offset the value of certain improvements made by them upon the land, as part of the consideration for and in pursuance of the lease contract. There was a jury trial which resulted in a verdict and judgment for the plaintiff for $128.07. The plaintiff has appealed and seeks a reversal on account of certain errors alleged to have been committed by the trial court in overruling exceptions to the defendants' answer, in giving and refusing instructions, and in certain rulings as to the admissibility of testimony. The record does not show that the plaintiff called the court's attention to his exceptions to the defendants' answer; nor does it show that the court made any ruling thereon.

As to the other questions presented, if error was committed, we do not think appellant is entitled to have the case reversed on account of such error. Appellant obtained a judgment in the court below, and nowhere in his brief is it contended that the amount awarded him is not as much as he was entitled to; and, if the jury believed the testimony given by the defendants, the judgment is fair and just. When a plaintiff obtains a judgment in the trial court awarding him substantial relief, we do not think the case should be reversed at his instance because of alleged errors during the trial, when he does not complain of the amount that has been awarded him.

No reversible error has been shown, and the judgment is affirmed.